```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 08-Civ-62078-HUCK
                        MAGISTRATE JUDGE P.A. WHITE
```

MORRIS WILLIAMS,                :

    Petitioner,             :

v.                              :       REPORT OF
                                               MAGISTRATE JUDGE
WALTER A. McNEIL,               :

    Respondent.             :
_____

## I. Introduction

Morris Williams, who is presently confined at the South Bay Correctional Facility in South Bay, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 01-14258, entered in the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and memorandum, the Respondent's response to an order to show cause and appendix of exhibits, and Williams' reply.

## II. Procedural History

Williams was charged with trafficking in cocaine (Count I), resisting an officer without violence (Counts II-III), and possession of cannabis (Count IV). [DE# 11, Ex. 2]. Williams pled

1

guilty as a habitual violent offender and agreed to a life sentence mitigated to seven years. [DE# 11, Ex. 3]. On October 15, 2004, the court adjudicated Williams guilty and sentenced him to seven years with a seven year minimum mandatory for the trafficking charge (Count I). The court imposed seven year sentences for the remaining charges with a five year minimum mandatory (Counts II-IV). [DE# 11, Ex. 4]. On November 9, 2005, the court added a fine nunc pro tunc to the date of sentencing. [DE# 11, Ex. 5].

Williams argued on direct appeal the trial court erred by failing to affirmatively offer him an opportunity to withdraw his guilty pleas before imposing a sentence more severe than that contemplated by the plea negotiations. [DE# 11, Ex. 7]. The Fourth District Court of Appeal per curiam affirmed on April 5, 2006. Williams v. State, 926 So. 2d 1291 (Fla. 4th DCA 2006) (4D04-4717). The mandate issued April 21, 2006. [DE# 11, Ex. 10].

On May 2, 2006, Williams filed a motion for post conviction relief in which he argued: (1) counsel was ineffective for failing to object when a successor judge altered a preceding judge's ruling on a motion to suppress; (2) the plea was involuntary because of the successor judge's alteration of the suppression ruling; (3) counsel was ineffective for advising Williams not to testify at the suppression hearing; (4) counsel was ineffective for advising Williams there is no defense to resisting with violence; (5) counsel was ineffective for failing to file a motion to withdraw the plea pursuant to Williams' request; (6) counsel was ineffective for failing to object to a more severe sentence than that contemplated by the negotiated plea; (7) counsel was ineffective for coercing the defendant to withdraw the motion to suppress his statements; and (8) counsel was ineffective for failing to present case law at the suppression hearing. [DE# 11, Ex. 11]. The court

2

denied Williams' motion. [DE# 11, Ex. 14]. The Fourth District reversed and remanded for further proceedings on claim (6) and affirmed as to the remaining grounds. Williams v. State, 958 So. 2d 529 (Fla. 4th DCA 2007) (4D07-91). The mandate issued on July 6, 2007. [DE# 11, Ex. 21].

On remand, Williams filed a motion to disqualify the trial judge, which was denied. [DE# 11, Ex. 27-28]. The court reduced Williams' sentences for Counts II and III from seven years to five years, struck the prison releasee reoffender designation and vacated the fine on September 25, 2007. [DE# 11, Ex. 22].

On August 6, 2007, Williams filed a motion for reconsideration of the trial court's prior rulings on his motion to suppress and motion for disqualification. [DE# 11, Ex. 29]. As relief, he sought reconsideration of those rulings in light of Tillman v. State, 934 So. 2d 1263 (Fla. 2006). Williams filed a Motion to Amend Motion for Reconsideration in light of Tillman. [DE# 11, Ex. 30]. The court struck the motions on February 6, 2008. [DE# 11, Ex. 31].

Williams filed a motion to enforce mandate through counsel on October 9, 2007. [DE# 11, Ex. 23]. He argued the trial court erred by altering his sentence instead permitting him to withdraw his plea. The Fourth District denied the motion on December 7, 2007. [DE# 11, Ex. 26].

On December 31, 2007, Williams filed a petition for writ of prohibition arguing the trial judge erroneously denied his motion to disqualify and the successor judge refused to hear the disqualification motion and reconsider the motion to suppress. [DE# 11, Ex. 32]. On February 7, 2008, the Fourth District denied the petition without prejudice to raise it on direct appeal from the

resentencing. [DE# 11, Ex. 34] (4D08-71).

On February 15, 2008, Williams filed a motion for belated appeal of his motion to disqualify. Williams asserted he never received a copy of the order denying the motion to disqualify and that the order failed to notify him of his right to appeal. [DE# 11, Ex. 35]. Williams also filed a motion for belated appeal of his resentencing, arguing he timely requested that counsel file a notice of appeal. [DE# 11, Ex. 35]. The Fourth District remanded for the appointment of a commissioner to make factual findings regarding Williams' alleged request that counsel file a notice of appeal. [DE# 11, Ex. 39]. The commissioner found Williams had not requested that counsel file a notice of appeal. [DE# 11, Ex. 40]. The Fourth District denied the belated appeal on the merits on September 23, 2008. [DE# 11, Ex. 42] (4D08-808).

On July 23, 2008, Williams filed a petition for writ of habeas corpus in the trial court in which he argued his conviction for resisting with violence violates due process because the trial court misconstrued the statute for that offense, and the Florida Supreme Court provided clarification in Tillman v. State, 934 So. 2d 1263 (Fla. 2006). [DE# 11, Ex. 43]. He argued in an addendum that he would not have entered a plea had he known there is an affirmative defense to resisting with violence. [DE# 11, Ex. 44]. The court denied the petition as untimely, successive and procedurally barred. [DE# 11, Ex. 47-48]. The Fourth District per curiam affirmed. Williams v. State, 16 So. 3d 829 (Fla. 4th DCA 2009) (4D08-4087). The mandate issued on October 2, 2009.[1]

---

[1] The Court takes judicial notice of the electronic docket sheet maintained by the Clerk of Court of the Fourth District Court of Appeal at http://199.242.69.70/pls/ds/ds_docket_search.

Williams filed the instant petition on December 22, 2008.[2] He argues: (1) the Florida courts unconstitutionally construed Florida statutes sections 843.01 and 776.051; (2) the trial judge was racially biased against Williams and should have been disqualified; (3) the trial court refused to let Williams withdraw his guilty plea and imposed an involuntary illegal sentence; and (4) case law construing sections 843.01 and 776.051 should be applied retroactively.

### III. Statute of Limitations

The Respondent contends the instant petition is untimely. To reach this conclusion, the Respondent calculates the start of the one-year time limit from the date the initial judgment and sentence became final on July 4, 2006. However, Williams was resentenced as a result of his first motion for post-conviction relief. AEDPA's statute of limitations did not begin running until the corrected sentence became final on October 25, 2007 (thirty days after the September 25, 2007, resentencing). Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007)(AEDPA's statute of limitations begins running when the resentencing judgment becomes final); Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003) (same).

Williams' motion to enforce mandate and petition for writ of prohibition are not collateral motions attacking the legality of the sentence that would toll AEDPA's time limit. See Davis v. Barrow, 540 F.3d 1323 (11th Cir. 2008) (motion to reconsider sentence); Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291 (11th Cir. 2008) (3.800(c) motion); Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335 (11th Cir. 2008) (motion for post-conviction

---

[2] Under the prisoner "mailbox" rule, a prisoner's habeas petition is deemed filed when executed and delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

5

DNA testing); Bridges v. Johnson, 284 F.3d 1201 (11th Cir.2002) (petition to review and modify sentence); McClellan v. Sec'y, Dep't of Corr., 2009 WL 2436592 (M.D. Fla. Aug. 6, 209) (mandamus petition seeking to compel the trial court to follow the appellate court's mandate is not an application for State post-conviction or other collateral review for purposes of 2244(d)(2)).

Therefore, time ran for 113 days until Williams filed a petition for belated appeal of his resentencing on February 15, 2008. The petition was "properly filed" within the two-year limit for seeking such relief under Florida law and therefore tolled AEDPA's time limit. Fla. R. App. P. 9.141(c)(4); Artuz v. Bennett, 531 U.S. 4, 8 (2000). Time began running again when the State court denied the petition on September 23, 2008. See Lynch v. Sec'y, Dep't of Corr., 2009 WL 2973608 (M.D. Fla. Sept. 11, 2009) (properly filed petition for belated appeal tolled AEDPA's time limit but did not change the date the conviction and sentence became final because the petition was denied). Williams timely filed the instant petition 91 days later on December 12, 2008.[3]

### IV. Exhaustion and Procedural Default

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a

---

[3] It is unnecessary to address whether Williams' State habeas petition tolled AEDPA's time limit because the instant petition is timely regardless of that filing.

6

district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in State court in a procedurally correct manner. Id. Moreover, the habeas applicant must have presented the State courts with the same federal constitutional claim that is being asserted in the habeas petition. "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. at 275-77. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337 (11th Cir. 2007) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). An unexhausted claim is procedurally defaulted if future attempt to exhaust state remedies would be futile under the state's procedural bar doctrine. Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).

Procedural default can also arise when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law. Bailey, 172 F.3d at 1302-03. The federal court must determine whether the last state

court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar. A claim is procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar. Coleman v. Thompson, 501 U.S. 722, 734-35 and n. 1 (1991). To be adequate, the State court's basis for rejecting the claim must be firmly established and regularly followed, Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008), and not applied in an arbitrary or unprecedented fashion, Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424-25 (1991); Upshaw, 70 F.3d at 579.

To avoid application of procedural default in this Court, a habeas petitioner must establish objective cause for the failure to properly raise the claim in the state courts and actual prejudice resulting from the error complained of. To demonstrate cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); see also Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate that there is at least a reasonable probability that the outcome of the proceeding would have been different. See Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

(1)   Misconstruction of Florida Statutes

Williams contends he was deprived due process when the State court denied his motion to suppress based on an improper construction of Florida Statutes sections 843.01 and 776.051, addressing resisting an officer with violence, contrary to Tillman v. State, 934 So. 2d 1263 (Fla. 2006). This claim is procedurally defaulted because the State court applied procedural bar that has

an independent and adequate basis in Florida law.

Williams first argued the State court improperly construed sections 843.01 and 776.051 in his motion for reconsideration and motion to amend. The State trial court struck these motions, however, so these motions failed to exhaust the issue. See, e.g., Provenzano v. Singletary, 3 F.Supp.2d 1353, 1387 (M.D. Fla. 1997) (pleadings that were stricken were unexhausted because they were not considered on the merits by the trial court or the Supreme Court, and were not presented to the highest court that had the power to hear them).

Williams next raised the issue in his State habeas petition. The court denied the petition as untimely, successive and procedurally barred and the Fourth District affirmed. The State court treated the habeas petition as a Rule 3.850 motion because Rule 3.850 is the exclusive means for collaterally attacking a conviction. See Baker v. State, 878 So. 2d 1236 (Fla. 2004) ("The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850."). The State court's finding that the motion was procedurally barred by the rules governing Rule 3.850 motions is supported by independent and adequate State law grounds.

Florida law provides that a Rule 3.850 motion must be brought within two years "after the judgment and sentence become final...." Fla. R. Crim. P. 3.850(b). A judgment and sentence become final under Florida law when the mandate issues on direct appeal. Beaty v. State, 701 So. 2d 856 (Fla. 1997).

In this case, Williams had two years from April 21, 2006, to

9

seek post-conviction relief. He filed the Rule 3.850 "habeas" petition more than two years later on July 23, 2008. The fact that he was resentenced based on an earlier 3.850 motion does not affect this outcome. This rule is firmly established and regularly followed. See O'Neill v. State, 6 So. 3d 630 (Fla. 2d DCA 2009) (resentencing that resulted from 3.800 motion, rather than from direct appeal proceeding, did not affect the timeliness of his 3.850 motion); Marrero v. State, 967 So. 2d 934 (Fla. 2d DCA 2007) (motion filed outside the two-year limit is untimely; resentencing does not reopen the expired time period as to matters that could have been raised during the two-year period); Joseph v. State, 835 So. 2d 1221, 1222 n.3 (Fla. 5th DCA 2003) (two-year limit is not tolled by other collateral proceedings even if a corrected sentence is entered) (Fla. 5th DCA 2003); compare Ross v. State, 947 So. 2d 699 (Fla. 4th DCA 2007) (noting the difference between a resentencing on direct appeal and a resentencing following a successful post-conviction motion). Accordingly, the State law's finding of procedural bar is adequately supported and will be applied in this Court unless Williams demonstrates cause and prejudice.[4]

Williams has not demonstrated cause and prejudice to avoid the application of procedural default. He blames counsel for failing to timely appeal from the resentencing. However, following an evidentiary hearing, the State court found Williams did not request that counsel file a notice of appeal. The factual finding is presumptively correct and Williams has not rebutted it with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has Williams established prejudice by demonstrating a reasonable probability

---

[4] Because the State's finding of time-bar is an independent and adequate basis for barring the State "habeas" petition, this Court finds it unnecessary to address the State court's additional reasons for applying a procedural bar.

that the outcome would have been different. See O'Sullivan, 526 U.S. at 848-49; Coleman, 501 U.S. at 750-51; United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977).

Nor would applying procedural default in this case result in a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495-95. Williams has not raised any extraordinary circumstances such as actual innocence that would excuse his procedural default.

(2)   Motion to Disqualify

Williams appears to argue the trial court erred by denying his motion to disqualify due to the judge's racial bias in ruling on his motion to suppress. This claim is unexhausted and exhaustion would be futile.

Williams filed a motion to disqualify alleging racial bias which the trial court denied. Williams filed a motion for reconsideration of the disqualification motion which the trial court struck. He next raised the issue in a petition for writ of prohibition which the trial court denied without prejudice to raise the issue on direct appeal from the resentencing. However, Williams failed to file timely appeal the resentencing. Instead, he filed a motion for belated appeal. The State court denied the belated appeal on the merits following an evidentiary hearing. As Williams has never properly appealed the denial of his disqualification motion to the State appellate court, this issue is unexhausted. See Upshaw, 70 F.3d at 579 (issue must be presented at District Court of Appeal level in a procedurally correct manner). No procedural avenue exists to raise the issue so any future attempt to exhaust it would be futile.

Williams has not demonstrated cause and prejudice or manifest injustice for the reasons set forth in Claim (1), supra. Accordingly, this claim is unexhausted and Williams is not entitled to consideration on the merits.

(3)   Withdrawal of Guilty Plea

Williams argues the trial court refused to let him withdraw his guilty plea and instead imposed an involuntary illegal sentence on remand from his Rule 3.850 motion, in violation of Florida law. This claim is not cognizable because it presents no question of federal constitutional law.

Williams was granted relief on his first 3.850 motion and the appellate court remanded for resentencing. Williams presently complains the trial court illegally imposed a new sentence on remand without giving him the opportunity to withdraw his plea, as required by Florida law. He raised this issue in his motion to enforce mandate, which the Fourth District denied. However, the motion failed to exhaust the issue for federal habeas review because it did not allege a violation of federal constitutional law. The motion cites exclusively to Florida cases and raises only an alleged violation of Florida law. See Pearson v. Sec'y, Dep't of Corr., 273 Fed. Appx. 847 (11th Cir. 2008) (due process habeas claim unexhausted where petitioner cited exclusively to state cases and nothing would have alerted the state courts to the presence of a federal due process claim); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (petitioner failed to exhaust habeas due process claim where state-court claim was based solely on Florida case law); see e.g., Smith v. Sec'y, Dep't of Corr., 2009 WL 1513380 (M.D. Fla. May 27, 2009) (claims the state court violated state law in connection with withdrawal of plea and resentencing failed to state federal issue). The claim he raises in

the instant petition likewise fails to allege the violation of any federal constitutional right. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). Williams failed to exhaust any federal constitutional issue in State court and likewise has raised none in the instant habeas petition. Accordingly, no cognizable claim has been exhausted or presented for federal habeas review.

(4) Retroactivity

Williams argues the Florida Supreme Court's construction of sections 843.01 and 776.051, pursuant to Tillman, should apply retroactively. This claim is procedurally defaulted from federal habeas review for the same reasons set forth in Claim (1), supra.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 19th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Morris Williams, pro se
     DC# 511864
     South Bay Correctional Facility
     600 US Highway 27 South
     South Bay, FL 33493-2233

     Mark J. Hamel, AAG
     Office of the Attorney General
     1515 North Flagler Drive
     Suite 900
     West Palm Beach, FL 33401-2299